UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH BRIAN JENSEN, SR., Plaintiff, vs. UNITED STATES OF AMERICA; STATE OF WASHINGTON; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; DIVISION OF CHILD SUPPORT; AND BENTON COUNTY PROSECUTING ATTORNEY, Defendants. | No. 4-16-CV-5064-LRS **ORDER GRANTING MOTIONS TO DISMISS AND CLOSING FILE** |

**BEFORE THE COURT** are three dispositive motions filed by the Defendants: Defendant United States' Motion to Dismiss for Failure to State a Cognizable Claim (ECF No. 8); Benton County's Motion to Dismiss for Insufficient Service of Process (ECF No. 13); and Washington State's Motion to Dismiss for Insufficient Service of Process (ECF No. 16). Plaintiff has also moved for a "Case Scheduling Order for Constitutional Challenge" (ECF No. 11).

## I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Joseph Jensen, Sr., Plaintiff, proceeding pro se, initiated this civil rights action on May 13, 2016 by filing a Complaint naming three groups of Defendants: the United States; the State of Washington Department of Social and Health Service (DSHS) and Division of Child Support (DCS) (together, the "State"); and the Benton County Prosecutors Office[1] (the "County"). Generally, Plaintiff's allegations relate to a child support proceeding commenced by a "Mrs. Baron" against Plaintiff in a Washington state court. Plaintiff claims his child support obligations and enforcement actions taken to pursue amounts in arrears were fraudulently-based and were obtained in deprivation of life, liberty and property and without due process.

The Complaint specifically alleges that while the child support proceeding was pending, Mrs. Baron was defrauding the state when she requested and was approved for state assistance ("Temporary Assistance of Needy Families") without fully disclosing her resources stemming from her relationship with her fiancé. The Complaint asserts that in July 2014, after the state awarded Mrs. Baron assistance, the Defendant Benton County prosecuting attorney appeared in the state proceeding and Plaintiff received a notice from Defendants DSHS and DCS stating that Plaintiff

---

1 Plaintiff's Complaint names Defendant "Benton County Prosecuting Attorney," "a political subdivision" (ECF No. 1 at 3). Plaintiff's Response to the pending Motions (ECF No. 19) clarifies he is not asserting an individual claim but rather a claim against the Benton County Prosecuting Attorney's *Office*.

was responsible for child support "as a result of the awarding of [state] assistance to Mrs. Baron." (ECF No. 1 at 6). In November 2014, Plaintiff asserts the state court ordered him to pay $506.82 in monthly child support "from the date of the ruling going forward." Plaintiff claims that without further hearing, the state court ultimately ordered the support obligation retroactive to the time of the awarding of state assistance to Mrs. Baron, after the prosecutor brought to the commissioner's attention the "state interest because of the awarding of assistance." Plaintiff then received notice from DSHS and DCS that he was $2027.28 in child support arrears and $506.82 was due. Enforcement remedies were taken against Plaintiff including a lien upon his real property and a garnishment on wages. In 2015, Plaintiff's support obligation increased to $972.86 per month. The Complaint alleges that Defendant DSHS refused to investigate Mrs. Baron for fraud and denied Plaintiff's request for the records of "any and all information relevant to the awarding of TANF to Mrs. Baron." (ECF No. 1 at 9). Plaintiff requested a conference review board hearing "to address the fraudulent state interest," and he alleges a decision was made denying Plaintiff's claim without being afforded the opportunity to "state his case."

Plaintiff alleges the following ten constitutional claims against all of the Defendants pursuant to 42 U.S.C. § 1983 and § 1988:

Count 1: Defendants violated Plaintiff's 4th right "to be secure in his property, house, papers and affects by the arbitrary instantaneous garnishment, liens and

suspension of passport," by acting pursuant to the Bradley Amendment, 42 U.S.C. § 666, which has "stripped...his right to parental autonomy," and Wash Rev. Code §26.18.055 and §26.18.070;

Counts 2 and 3: Defendants deprived Plaintiff of due process because he was not adjudicated as an unfit parent or found "purposefully noncompliant" and by denying his "request for evidence that could exonerate him."

Count 4: Defendants violated Plaintiff's "Sixth Amendment Evidentiary Rights," by denying his request for a review hearing and denying him evidence that would have exonerated him.

Count 5: Defendants violated the 7th Amendment in seizing his property interests without a jury trial.

Count 6: Defendants violated the 8th Amendment by "placing and collecting a bounty on Plaintiff through an erroneous award of state assistance.

Count 7: Defendants violated the Ninth Amendment in denying Plaintiff his liberty and property rights.

Count 8: Defendants deprived Plaintiff of equal protection in violation of the 14th Amendment in enacting and enforcing laws granting "greater protections and entitlements" to a custodial parent.

Count 9: Defendants conspired to violate Plaintiff's rights through enacting 42 U.S.C. § 658a and acting to secure federal funding.

Count 10: Defendants betrayed the public trust by failing to "ensure any funds distributed from any social welfare program are properly awarded." (ECF No. 1 at 19).

The State and County have moved to dismiss based upon insufficient service of process. The Proofs of Service state that Plaintiff sent the summons and Complaint to the Defendants by U.S. Mail "certified mail, restricted delivery, return receipt" to: Michael Ormsby, U.S. Attorney; Bob Ferguson, Attorney general of Washington; Patricia Lashway, Acting Secretary of the Department of Social and Health Services; Wally McClure Director of the Department's Division of Child Support; and Andy Miller, Benton County Prosecutor. (ECF No. 5).

## II. ANALYSIS

The United States moves this court to dismiss and for judgment on the pleadings with prejudice for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), failure to state a claim upon which relief can be granted, Rule 12(b)(6), and failure to state a short and plain statement showing entitlement to relief, Rule 8(a). The County and State Defendants motion the court for dismissal based on insufficient service of process.

### A. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action over which it lacks jurisdiction. The United States argues this court does not have jurisdiction under the doctrine of sovereign immunity. The court agrees.

Absent a waiver, sovereign immunity shields the federal government from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent."). The United States cannot be sued under 42 U.S.C. § 1983 and the United States is neither a "person," nor a corporation within the meaning of the Civil Rights Act, 42 U.S.C. §1983. Plaintiff erroneously cites 28 U.S.C. § 3002(15) to support his assertion that the United States has no immunity in this case because it is a federal corporation. Section 3002(15), a provision governing the collection of federal debt, merely provides that the term "United States," when used "*in this [statute]*," refers to "a Federal corporation; …an agency, department, commission, board, or other entity of the United States; or…an instrumentality of the United States." *Id*. § 3002(15). The United States has not waived its sovereign immunity by merely legislating child support policy or furnishing incentive funding to states for child support enforcement. The doctrine of sovereign immunity bars all of Plaintiff's claims against the federal government and they are **DISMISSED** with prejudice.

**B. Insufficient Service of Process**

In order for the Court to exercise jurisdiction over a defendant, the defendant must be served properly. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action based on "insufficient service of process." The sufficiency of service is assessed according to the requirements of Rule 4.

Service upon a state or local government, may be accomplished by delivering a copy of the summons and complaint to the organization's chief executive officer, Fed.R.Civ.P. 4(j), or by serving in compliance with the law of the state where the federal court is located. Fed.R.Civ.P. 4(e) (1), 4(j)(2)(B). A plaintiff, however, must serve all defendants with a copy of the summons and complaint within 120 days of filing a complaint or any court extensions upon a showing of good cause. Fed.R.Civ.P. 4(m). If a court determines that service of process was not timely made on a defendant, the court has discretion to "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m).

Although the United States may be served via registered or certified mail, Fed.R.Civ.P. 4(i), Plaintiff's attempt to serve the state and local government Defendants by mail does not comport with the law. Regarding service upon the State, service may be accomplished by delivering a copy of the summons and complaint to the organization's chief executive officer, or under Wash. Rev. Code § 4.92.020,

by service on the Attorney General or by leaving the summons and complaint in the Office of the Attorney General with an assistant attorney general. *See Landreville v. Shoreline Cmty. Coll. Dist. No. 7*, 53 Wash.App. 330, 766 P.2d 1107, 1108 (Wash.Ct.App.1989). Regarding the County, service is effectuated either by delivery to its chief executive officer or "to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority." Wash.Rev.Code. §4.28.080.

Plaintiff has not attempted to correct the deficient service. Instead, Plaintiff contends that service by restricted delivery mail is "constitutionally sufficient," since he heard "nothing back indicating anything had gone awry." Plaintiff has failed to show good cause for untimely service. Although Plaintiff requests the opportunity to perfect service, the interests of justice do not warrant an extension of time. This court has an obligation to carefully review *pro se* pleadings which are subject to review pursuant to the court's inherent authority to ensure that subject matter jurisdiction exists and that the case has a basis in the law. The Complaint brought by Plaintiff seeking § 1983 relief against the governmental entities lacks an arguable basis in law and is therefore without force or effect. It is well settled that states and state agencies are not "persons" subject to suit under section 1983. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989), the United States Supreme

Court held that a State is not a "person" amenable to suit under section 1983. *Id*. at 63. Likewise, a state agency is not a "person" subject to suit under section 1983.*Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (Caltrans, a state agency, was not a person within the meaning of section 1983 and therefore not amenable to suit under that statute). A county prosecutor's office, as agents of the State when performing child support enforcement functions, is not a "person" under § 1983. *See e.g.*, *Mikhael v. Santos*, 646 Fed.Appx. 158, 162 (3d. Cir. 2016); *Brown v. Bauer*, 210 WL 421181 (W.D.Wash. Feb. 8, 2010 (unreported)(dismissing § 1983 claims against Cowlitz County Prosecutors Office). Moreover, the action raises claims challenging the propriety of ongoing proceedings in state court and this court does not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); s*ee e.g., Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of her child custody proceedings were properly dismissed); *Wu v. Levine*, 2005 WL 2340722, at *2 (E.D.N.Y. June 7, 2005) (holding that where "plaintiff's claims of constitutional and civil rights violations arise from the state court proceedings," plaintiff "cannot circumvent the Rooker-Feldman doctrine by recasting her claims as a federal civil rights violation"), aff'd, 314 Fed.Appx. 376 (2d Cir. 2009).

## III. CONCLUSION

**IT IS HEREBY ORDERED:**

1. Defendant United States' Motion to Dismiss (**ECF No. 8**) is **GRANTED**. Plaintiff's claims against the United States are **DISMISSED** with prejudice.

**2.** Defendants Motions to Dismiss for Insufficient Service of Process (**ECF No. 13, 16**) are **GRANTED**. Plaintiff's claims against the County and State Defendants are **DISMISSED** without prejudice.

3. Plaintiff's Motion for Case Scheduling Order (**ECF No. 11**) is **DENIED**.

4. The Clerk of the Court shall enter Judgment of Dismissal of the Complaint (ECF No. 1) and the claims therein in accordance with this Order.

The Clerk is directed to enter this Order, enter Judgment, provide copies to the parties, and CLOSE THE FILE.

DATED this 5th day of January, 2017.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE